FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 27 2011

JAMES W. McCORMACK, CLERK
By: _____
                           DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RANDY BENNETT and                                                                PLAINTIFFS
RICHARD TURNEY

vs.            Case No. 5:11CV104 JMM

RICELAND FOODS, INC.                                                              DEFENDANT

**COMPLAINT**  This case assigned to District Judge Moody
                           and to Magistrate Judge Ray

Plaintiffs, Randy Bennett and Richard Turney, by and through counsel, the Koch Law Firm, for their Complaint, state:

## PARTIES AND JURISDICTION

1. This is an action to secure a remedy for damages to citizens and employees under Title VII of the Civil Rights Act of 1963, as amended; 42 U.S.C. § 1981; and the Arkansas Civil Rights Act of 1993, codified at Ark. Stat. Ann. § 16-123-105 (hereinafter "ACRA").

2. Plaintiffs are residents of Arkansas County, (Turney) and Monroe County (Bennett) in Arkansas. At times relevant to this lawsuit, Plaintiffs were employed by Defendant at its place of business located in Arkansas County, Arkansas. The facts giving rise to the allegations in this lawsuit arise from those employment relationships, and occurred in Arkansas County, Arkansas.

3. Defendant Riceland Foods, Inc. (hereinafter "Riceland") is a for-profit corporation organized and existing under the laws of the State of Arkansas. Riceland's place of business is located in the city of Stuttgart in Arkansas County, Arkansas.

4. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and this Court has supplemental jurisdiction over Plaintiff's state

law claims under 28 U.S.C. § 1367. This Court has personal jurisdiction over the parties, and venue is proper under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS OF FACT

5. Plaintiffs Bennett and Turney were both employed by Riceland for several years; Bennett was employed by Riceland in approximately July 2004, and Turney in approximately March 2001. Both Plaintiffs were satisfactory employees. In March 2009, Plaintiff Turney confronted and complained to his supervisor—Ralph Crane—about Crane's use of racial slurs on the jobsite.

6. Crane's use of racial slurs continued, and in April 2009 Turney filed an official grievance with Riceland.

7. Plaintiff Bennett was also a witness to Crane's use of racial slurs. Both he and Turney, along with others in the company, were interviewed by Riceland's Human Resource Department in the weeks following Turney's grievance. Bennett and Turney both gave truthful statements that accused Crane of using racial slurs on the jobsite.

8. Within approximately one month of Plaintiffs being interviewed by Riceland's Human Resource Department about Turney's complaint, Plaintiffs were informed that their positions with the company were being eliminated.

9. On July 30, 2009, Plaintiffs' employment with Riceland was terminated.

10. In fact, Plaintiff's positions with the company were not eliminated; rather, Plaintiffs were terminated in retaliation for opposing unlawful employment practices.

11. Plaintiffs timely filed separate charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and they were each issued a Notice of Right To Sue, copies of which are attached hereto as Exhibit A (Bennett) and Exhibit B (Turney).

## COUNT ONE: TITLE VII RETALIATION

12. Plaintiff realleges the foregoing as if fully stated herein.

13. Defendant's acts and omissions, as stated herein, were in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964.

14. Defendant's actions, as alleged above, were willful and sufficiently egregious to warrant punitive damages against Defendant on this Count.

## COUNT TWO: 42 U.S.C. § 1981

15. Plaintiff realleges the foregoing as if fully stated herein.

16. Defendant's acts and omissions, as stated herein, were in violation of the anti-retaliation provisions of 42 U.S.C. § 1981.

17. Defendant's actions, as alleged above, were willful and sufficiently egregious to warrant punitive damages against Defendant on this Count.

## COUNT THREE: ARKANSAS CIVIL RIGHTS ACT ("ACRA")

18. Plaintiff realleges the foregoing as if fully stated herein.

19. Defendant's acts and omissions, as stated herein, were in violation of the anti-retaliation provisions of the ACRA.

20. Defendant's actions, as alleged above, were willful and sufficiently egregious to warrant punitive damages against Defendant on this Count.

## CAUSATION AND REMEDIES

21. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiffs have suffered wage loss, loss of fringe benefits, humiliation, emotional pain and suffering, and other compensatory damages; also, Plaintiff's have incurred expenses that they would not have otherwise incurred in such amounts to be proved at trial.

## JURY TRIAL DEMANDED

22.     Plaintiff respectfully demands a trial by jury on all counts.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendant as follows:

(a)     that Defendant intentionally, and with malicious or reckless indifference to their rights under federal and state law, intentionally retaliated against Plaintiffs for opposing unlawful employment practices and engaging in protected activity;

(b)     that Plaintiffs be awarded compensatory damages (including but not limited to back pay, front pay, and damages for physical and emotional harm); punitive damages, and all other compensation to which they are entitled;

(c)     that Plaintiffs be awarded appropriate injunctive and declaratory relief, including reinstatement to their employment with Riceland;

(d)     that Plaintiffs be awarded reasonable attorney fees and costs of litigation;

(e)     that Plaintiffs be awarded pre-judgment interest;

(f)     that Plaintiffs be awarded such other relief as this Court may deem just and proper.

Respectfully submitted,

Koch Law Firm
2024 Arkansas Valley Drive, Suite 707
Little Rock, Arkansas 72212
(501) 223-5310 office
(501) 223-5311 facsimile
reggie@reggiekoch.com


By: _____
Reggie Koch, Ark. Bar #2005125

04/27/2011 16:24 5012235311 KOCH LAW FIRM PAGE 02/05

Case 5:11-cv-00104-JMM Document 1 Filed 04/27/11 Page 5 of 8

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| Agency | Charge No. |
|---|---|
| ___ FEPA | |
| XX EEOC | |

_____ and EEOC
State or local agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Telephone |
|---|---|
| ➤ Randy Bennett | ➤ (870) 747-1076 |

| Street Address | City, State and ZIP | Date of Birth |
|---|---|---|
| ➤ 14181 Hwy 366 | Holly Grove, AR 72069 | ➤ 02-22-61 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| Name | No. employees, members | Telephone |
|---|---|---|
| ➤ Riceland Foods, Inc. | Over 15 | ➤ (870) 673-5500 |

| Street Address | City, State and ZIP | County |
|---|---|---|
| ➤ 2120 South Park Ave. | Stuttgart, AR 72160 | ➤ Arkansas |

| Cause of discrimination based on (check appropriate boxes) | Date discrimination took place |
|---|---|
| ___ race ___ color ___ sex ___ religion | Earliest     Latest |
| ___ national origin  X  retaliation ___ age | ➤ Apr. 2009   07-30-09 |
| ___ disability ___ other (pregnancy) | ➤ ___ continuing action |

THE PARTICULARS ARE (if additional space is needed, attach extra sheet(s)):

I was originally employed by Riceland in July 2004 as a maintenance person. In five years of employment I was never written up, nor did I have any disciplinary action taken against me. In April 2009, a fellow employee—Richard Turney—made a complaint against a supervisor, Ralph Crane, for using racial slurs on the jobsite. I was a witness to the event, and I was interviewed by a company human resource person about this event. I was truthful in the interview, and information that I provided supported Mr. Turney's complaint. Within approximately one month of providing this interview, I was given notice that my job with the company was being eliminated. On July 30, 2009, my employment with Riceland was terminated. My job, however, was not really eliminated. I believe I was terminated because I opposed unlawful practices in the workplace in violation of Title VII of the Civil Rights Act of 1964 and other relevant statutes.

___ I want this charge filed with both the EEOC and the state or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (when necessary for local requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
X *Randy Bennett*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (day, month, and year)

Date: 11-3-09
Charging Party: *Randy Bennett*

Exhibit A-1

EEOC Form 161-B (11/09) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Randy Bennett**
14181 Hwy 366
Holly Grove, AR 72069

From: **Little Rock Area Office**
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2010-00172 | Tyrone Y. Blanks, Investigator | (501) 324-5083 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_  /i/p

**William A. Cash, Jr.,**
Area Office Director

FEB 17 2011
(Date Mailed)

Enclosures(s)

Spencer F. Robinson, Esq.
Ramsey, Bridgforth, Robinson & Raley, LLP
P.O. Box 8509
Pine Bluff, AR 71611-8509

Randy Koch, Esq.
Koch Law Firm
2024 Arkansas Valley Drive
Suite 707
Little Rock, AR 72212

cc:
Linda Dobrovich
Human Resources Director
RICELAND FOODS
PO Box 927
Stuttgart, AR 72160

Exhibit A-2

| CHARGE OF DISCRIMINATION | Agency | Charge No. |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ___ FEPA<br>XX  EEOC | 495-2018- |

_____ and EEOC 20173

State or local agency

| Name (indicate Mr., Ms., Mrs.)  ➤ Richard Turney | Home Telephone  ➤ (870) 672-2961 |
|---|---|

| Street Address  ➤ 212 West 12th St. | City, State and ZIP  Stuttgart, AR 72160 | Date of Birth  ➤ 04-13-52 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| Name  ➤ Riceland Foods, Inc. | No. employees, members  Over 15 | Telephone  ➤ (870) 673-5500 |
|---|---|---|

| Street Address  ➤ 2120 South Park Ave. | City, State and ZIP  Stuttgart, AR 72160 | County  ➤ Arkansas |
|---|---|---|

| Cause of discrimination based on (check appropriate boxes)  ___ race          ___ color       ___ sex       ___ religion  ___ national origin  X retaliation  ___ age  ___ disability    ___ other (pregnancy) | Date discrimination took place  Earliest    Latest  ➤Mar. 2009   07-30-09  ➤___ continuing action |
|---|---|

THE PARTICULARS ARE (if additional space is needed, attach extra sheet(s)):

I was originally employed by Riceland in March 2001 as a maintenance person. In March 2009, I complained directly to my supervisor—Ralph Crane—about his use of racial slurs on the jobsite. A few days later, he again used racial slurs in my presence. I filed a complaint/grievance with the company in April 2009. In approximately May 2009, I was interviewed by someone in the company's human resource department. Several other witnesses were also interviewed. Within a month of the interview, I was notified that my position with the company was being eliminated. On July 30, 2009, my employment with Riceland was terminated. My position was in fact not eliminated. I believe I was terminated for opposing illegal employment practices at Riceland, in violation of Title VII of the Civil Rights Act of 1964.

| ___ I want this charge filed with both the EEOC and the state or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for local requirements) |
|---|---|
|  | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.  Date  11-3-09   Charging Party  Richard Turney | SIGNATURE OF COMPLAINANT  X Richard A. Turney  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  (day, month, and year) |

Exhibit B-1

EEOC Form 161-B (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Richard Turney<br>212 West 12th Street<br>Stuttgart, AR 72160 | **From:** Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2010-00173 | Tyrone Y. Blanks, Investigator | (501) 324-5083 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_  FEB 17 2011

William A. Cash, Jr.,
Area Office Director                                     (Date Mailed)

Enclosures(s)

Spencer F. Robinson, Esq.                    Randy Koch, Esq.
Ramsey, Bridgforth, Robinson & Raley, LLP    Koch Law Firm
P.O. Box 8509                                2024 Arkansas Valley Drive
Pine Bluff, AR 71611-8509                    Suite 707
                                             Little Rock, AR 72212

cc: Linda Dobrovich
    Human Resources Director
    RICELAND FOODS
    PO Box 927
    Stuttgart, AR 72160

Exhibit B-2