IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RANDY BENNETT and
RICHARD TURNEY                                                                                    PLAINTIFFS

VS.                                              NO.  5:11CV00104-JMM

RICELAND FOODS, INC.                                                                           DEFENDANT

## ORDER

Following the close of the Plaintiffs' evidence and at the close of the case in the above trial, the Defendant moved for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50 on the issue of Plaintiffs' retaliation claim under 42 U.S.C. § 1981. The Court took the matter under advisement.

Under Rule 50 of the Federal Rules of Civil Procedure, a court should render judgment as a matter of law when " a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue". *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). In considering the motion, the Court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Id*. at 150. The court may not make credibility determinations or weigh the evidence as these functions are left to the jury. *Id.*

In reviewing the evidence presented at trial, the Court finds that Riceland is not entitled to a judgment as a matter of law.  Non-minority individuals can bring claims under § 1981 if they are retaliated against or discriminated against for attempting to "vindicate the rights of minorities protected by" § 1981, because allowing such discrimination or retaliation to stand unchallenged "would give impetus to the perpetuation of racial restrictions." *Gacek v. Owens & Minor*

*Distribution, Inc.*, 666 F.3d 1142, 1146 (8th Cir. 2012) quoting, *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) (addressing a similar claim under 42 U.S.C. § 1982).  Sufficient evidence was presented at trial that the Plaintiffs' complaints of the use of racial epithets by Mr. Crane in the workplace were made in an attempt to vindicate the rights of minorities.  The racial epithets were grossly inappropriate and offensive.  Although no minority individual testified that he found the comments offensive, the comments were of such a nature that their offensiveness is clear and testimony was offered that minority individuals in the workplace would react negatively after Crane would make the comments.  The Court finds that sufficient evidence was presented to support the jury's verdict.

Accordingly, Defendant's motion for judgment as a matter of law is denied.

IT IS SO ORDERED this 2nd day of March, 2012.

_____
James M. Moody
United States District Judge