IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RANDY BENNETT and
RICHARD TURNEY                                                                  PLAINTIFFS

VS.                              NO.  5:11CV00104-JMM

RICELAND FOODS, INC.                                                            DEFENDANT

## ORDER

Pending is the Defendant's renewed motion for judgment as a matter of law.  (Docket # 38).  Plaintiffs have filed a response.

Following the close of the Plaintiffs' evidence and at the close of the case in the above trial the Defendant moved for a judgment as a matter of law pursuant to Fed. R. Civ. P. 50 arguing that the evidence was insufficient to submit any claim under the Arkansas Civil Rights Act, Title VII or 42 U.S.C. § 1981 to the jury.  Further, Defendant argued that the evidence was insufficient to support a claim of compensatory damages.   The Defendant renewed its motion following receipt of the jury verdict.

Under Rule 50 of the Federal Rules of Civil Procedure, a court should render judgment as a matter of law when " a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue". *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). In considering the motion, the Court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Id*. at 150. The court may not make credibility determinations or weigh the evidence as these functions are left to the jury. *Id.*

The Court finds that Riceland is not entitled to a judgment as a matter of law.  The evidence presented was sufficient to establish that the Plaintiffs engaged in a protected activity,

complaining about the use of racial epithets by Mr. Crane in the workplace and that following those complaints the Plaintiffs were terminated.  The evidence was sufficient, considering the almost continuous course of events that occurred, to enable the jury to determine that the Defendant's stated reason for the Plaintiffs' termination was a pretext for discrimination.  The court finds that sufficient evidence was presented to support the jury's verdict that the Plaintiffs' complaint of race discrimination was a determining and motivating factor in the Defendant's decision to terminate them.  Further, the Court finds that the evidence was sufficient to present the compensatory damages issue to the jury as both Plaintiffs testified to depression, extreme stress, worry and sleeplessness.  The Court finds that sufficient evidence was presented to support the jury's verdict.

For these reasons, and the reasons stated on the record, Defendant's renewed motion for judgment as a matter of law is denied.

IT IS SO ORDERED this 6th day of March, 2012.

_____
James M. Moody
United States District Judge